UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| RHETT IRONS,<br><br>    Petitioner,<br><br>vs.<br><br>WARDEN, FPC YANKTON,<br><br>    Respondent. | 4:25-CV-04163-KES<br><br><br>ORDER DENYING PETITIONER'S<br>RULE 59(E) MOTION |

Petitioner, Rhett Irons, filed a habeas petition under 28 U.S.C. § 2241, requesting a court order directing respondent, the Warden at Yankton's Federal Prison Camp, to house him closer to his designated release residence in White Haven, Pennsylvania. *See* Docket 1 at 1. Magistrate Judge Veronica Duffy submitted a report and recommended that Irons' petition be dismissed for lack of subject matter jurisdiction. Docket 3 at 4. Irons did not file any objections to the report and recommendation. The court considered the case de novo and adopted the magistrate judge's report and recommendation in full. Docket 4. On September 30, 2025, the court dismissed Irons' petition and entered judgment in favor of respondent. Docket 5. On October 14, 2025, Irons filed a motion to alter or amend the court's judgment pursuant to Federal Rule of Civil Procedure 59(e). Docket 6. The court issues the following order.

**DISCUSSION**

Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Rule 59(e) motions serve a limited function of

correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotation marks omitted and cleaned up). But a Rule 59(e) motion "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (internal quotation omitted).

Here, Irons argues that the court's determination that it lacked jurisdiction "was clear legal error." Docket 6 at 1. Irons asserts that two new policies promulgated by the Bureau of Prisons (BOP) "nullify the rationale for the dismissal." *Id.* at 4-5. Irons also asserts that because he did not receive the report and recommendation until early October of 2025, he was deprived of the opportunity to file objections before the court issued its order adopting the report and recommendation. *See id.* at 5-6. As such, Irons requests that this court "vacate the prior dismissal, reopen this proceeding, and order the Bureau of Prisons to recalculate and apply all earned-time credits consistent with 18 U.S.C. §§ 3624(g), 3624(c), and 3632(d)(4)." Docket 6-1 at 3.

In the report and recommendation, the magistrate judge determined that Irons' request for the court to review the BOP's decision to place him at FPC Yankton rather than a facility closer to his home was a challenge to his place of confinement, rather than a challenge to the length of his detention. Docket 3 at 3-4. Because the Eighth Circuit has previously rejected petitioner's requests for district courts to review the place of their incarceration, *see United States v.*

2

*McCrary*, 220 F.3d 868, 870-71 (8th Cir. 2000); *Fults v. Sanders*, 442 F.3d 1088, 1092 (8th Cir. 2006) (reasoning that 18 U.S.C. § 3621(b) gives the BOP discretion "to place an inmate in any penal facility that meets the appropriate standards"), the magistrate judge recommended that Irons' petition be dismissed for lack of subject matter jurisdiction, Docket 3 at 4.

In his Rule 59(e) motion, Irons now seeks to rely upon two BOP directives issued in May and June of 2025. *See* Docket 6 at 4-5. Irons argues that the BOP's directives "materially changes the legal framework governing the computation of Earned Time Credits and prerelease placement under the First Step Act and Second Chance Act." *Id.* at 3. But the May and June 2025 BOP Directives were issued before Irons filed his current habeas petition. *See* Docket 1 (reflecting a filing date of August 25, 2025). Thus, Irons' position that "[t]hese directives were promulgated *after* the Magistrate Judge's Report and Recommendation" is incorrect. Docket 6 at 3. And because a motion under Rule 59(e) cannot be used to "tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment," *Metro. St. Louis*, 440 F.3d at 933, Irons cannot rely upon the two BOP directives in support of his Rule 59(e) motion because he is improperly raising this argument for the first time, *see Bannister v. Armontrout*, 4 F.3d 1434, 1445 (8th Cir. 1993) (finding that because habeas petitioner first raised a claim in a Rule 59(e) motion, "[t]he district court correctly found that the presentation of the claim in a 59(e) motion was the functional equivalent of a second [habeas] petition, and as such was subject to dismissal as abusive").

3

Additionally, in relying upon these two BOP directives, Irons improperly broadens his request for relief to seek an order requiring the BOP to recalculate his Earned Time Credits under the First Step Act and Second Chance Act. *See* Docket 6 at 11; Docket 6-1 at 1-2. But again, this was an argument Irons should have raised in his initial petition, but failed to do so. *See generally* Docket 1. Because Irons first raised this argument in his Rule 59(e) motion, the court finds that Irons is attempting to use his Rule 59(e) motion for an improper purpose.

Further, even if the court were to consider these two directives, the Eighth Circuit has previously held that "[i]f a prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." *Spencer v. Haynes*, 774 F.3d 467, 469 (8th Cir. 2014). As Irons made clear in his § 2241 petition, he "is not challenging the validity of his conviction or sentence, but rather the manner in which his sentence is being executed—specifically, the Bureau of Prisons' failure to properly consider and apply the proximity and placement requirements under 18 U.S.C. § 3621(b) and Program Statement 5100.08." Docket 1 at 3. Because transfer to one of the facilities Irons identifies in his petition, *see* Docket 1 at 10, amounts to another form of custody, habeas is not the proper vehicle for Irons to obtain the relief he seeks. Moreover, 18 U.S.C. § 3621(b) explicitly states that the BOP's decision is not subject to judicial review. *See* U.S.C. § 3621(b) ("Notwithstanding any other provision of

4

law, a designation of a place of imprisonment under this section is not reviewable by any court.").

Thus, the court is without subject matter jurisdiction to review the BOP's placement decision under 18 U.S.C. § 3621(b) and Program Statement 5100.08. *See, e.g.*, *Seets v. Warden, FCI Sandstone*, 2025 WL 3519146, at *2 (D. Minn. Sept. 19, 2025) (finding that court did not have subject matter jurisdiction over habeas petitioner's claim that BOP failed to conduct an individualized assessment of his circumstances under Section 3621(b)); *Kern v. Fikes*, 2022 WL 2959973, at *8 (D. Minn. June 16, 2022) ("Judicial review of agency actions made pursuant to 18 U.S.C. § 3261, including actions made under [BOP Program Statements] 5100.08, is foreclosed." (internal quotation marks omitted and cleaned up)). This analysis does not change merely because Irons attempts to use other BOP directives to challenge his place of confinement. *See, e.g.*, *Clemons v. Bureau of Prisons*, 2025 WL 1900724, at *1 (N.D. Tex. June 10, 2025); *Garcia v. Bureau of Prisons*, 2026 WL 156189, at *1-2 (N.D. Tex. Jan. 2, 2026) (noting that a petitioner's place of confinement "is solely within the BOP's statutory authority").

While it is unclear whether Irons received notice of the report and recommendation in time to file objections, Irons has attached his proposed objections to the report and recommendation for the court's review. *See* Docket 6-1. After reviewing these objections, the court finds that even if Irons had timely filed his objections, the court would have overruled the objections and adopted the report and recommendation in full. In his objections, Irons relies

5

upon the May and June 2025 BOP directives to support his contention that the BOP failed to properly apply his Earned Time Credits under 18 U.S.C. § 3632(d)(4). *Id.* at 1-2. But as explained above, these directives existed prior to Irons filing his petition and because they were not raised in his initial petition, *see generally* Docket 1, it would be improper to consider these arguments in a Rule 59(e) motion, *see Metro. St. Louis*, 440 F.3d at 933. Additionally, even if Irons had properly raised these arguments in his habeas petition, as detailed above, it does not entitle him to relief because the court does not have subject matter jurisdiction to review the BOP's determination as to the location of his imprisonment. *See Spencer*, 774 F.3d at 470; *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam); *Renner v. Yankton*, 2025 WL 1079259, at *1 (D.S.D. Apr. 10, 2025).

## CONCLUSION

Because Irons' arguments in his objections and Rule 59(e) motion were not raised in his initial petition, and because such arguments would not entitle him to habeas relief, the court denies Irons' motion to amend or alter the judgment. Thus, it is

ORDERED that Irons' motion to alter or amend the judgment (Docket 6) is denied.

Dated May 11, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

6